UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ANDREW J. SIMSO, III, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | Case No. 3:06cv301 (PCD) |
| | : | |
| STATE OF CONNECTICUT, | : | |
|     Defendant. | : | |

**RULING ON PLAINTIFF'S MOTION FOR RECONSIDERATION**

Plaintiff moves, pursuant to District of Connecticut Local Civil Rule 7(c), for reconsideration of this Court's November 29, 2006 decision denying as moot Plaintiff's Motion for Order for State To Present Original Whited Out DMV Document. For the reasons that follow, Plaintiff's Motion for Reconsideration [Doc. No. 22] is **granted**, however, upon reconsideration, this Court's prior Order [Doc. No. 20] is adhered to.

**I.   BACKGROUND**[1]

Plaintiff Andrew J. Simso, moving *pro se*, initiated this action seeking money damages and declaratory relief from the State of Connecticut (the "State") for alleged improprieties in dealing with his 1988 complaint to the State Department of Motor Vehicles (the "DMV"). Plaintiff's Complaint was dismissed for lack of subject matter jurisdiction and, alternatively, for failure to state a claim in a Ruling dated November 27, 2006. The Court then, in an electronic order, denied as moot Plaintiff's Motion for Order for State To Present Original Whited Out DMV Document. Judgment entered for Defendant on November 29, 2006 and the case was

---

[1] Familiarity with the facts of this case, as recited in this Court's Ruling on Defendant's Motion to Dismiss [Doc. No. 19], is assumed. Only those facts necessary to the resolution of this motion will be recited here.

terminated.  On December 8, 2006, Plaintiff moved for reconsideration of this Court's denial of his motion to order the State of Connecticut to present Plaintiff's original "whited out" DMV document for trial in federal court.

## II.     STANDARD OF REVIEW

Reconsideration will generally only be granted when a party can point to "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (citations omitted) (cautioning that "where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again").  Reconsideration should therefore be granted when a "party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).  This Court will not grant a motion to reconsider "where the moving party seeks solely to relitigate an issue already decided," to "plug gaps in an original argument or to argue in the alternative once a decision has been made." Id.; Horsehead Res. Dev. Co., Inc. v. B.U.S. Envtl. Serv., Inc., 928 F. Supp. 287, 289 (S.D.N.Y. 1996) (citations omitted).  The standard for granting a motion for reconsideration is strict in order to dissuade repetitive arguments on issues that have already been considered fully by the Court. Shrader, 70 F.3d at 257.  Ultimately, however, the question is a discretionary one and the court is not limited in its ability to reconsider its own decisions prior to final judgment.  See Virgin Atl., 956 F.2d at 1255.

Where, as here, a plaintiff is proceeding *pro se*, this Court "read[s] his papers liberally, interpreting them 'to raise the strongest arguments that they suggest.'"  Bennett v. Goord, 343

F.3d 133, 137 (2d Cir. 2003) (quoting McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999)).

### III.  DISCUSSION

Because the case was dismissed in this Court's November 27, 2006 Ruling on Defendant's Motion to Dismiss, Plaintiff's Motion for Order for State To Present Original Whited Out DMV Document was denied as moot.  Under the law, an issue is considered "moot" when it no longer presents a question of practical significance, when the question becomes abstract or where a controversy no longer exists. See Black's Law Dictionary (8th ed. 2004).  Plaintiff argues that the whiteout document which is the subject of his motion "is of significance as long as the state is allowed to continuously make and rely on its argument that I had prior knowledge of a DMV hearing and therefore could have filed for party status and therefore appealed the DMV's decision as a party to this decision." (Pl.'s Mot. Recons. 1.)  The fact that Plaintiff had prior knowledge of a DMV hearing was not relevant to this Court's Ruling on Defendant's Motion to Dismiss.  This Court found that Plaintiff's case against the State was barred by the Eleventh Amendment and, alternatively, that Plaintiff's requests for declaratory relief are not proper subjects for a declaratory judgment action.  The issues of whether Defendant relied on the DMV document or whether the State Court relied on the DMV are not relevant to this proceeding.  Because this Court is without jurisdiction to decide the matter, Plaintiff's Motion for Order for State To Present Original Whited Out DMV Document was properly denied.

### IV.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Reconsideration [Doc. No. 22] is **granted**, however, upon reconsideration, this Court's prior Order [Doc. No. 20] is adhered to.

SO ORDERED.

                                            Dated at New Haven, Connecticut, January  3 , 2007.

                                                                      /s/
                                                        Peter C. Dorsey, U.S. District Judge
                                                                District of Connecticut